**Rule 7.3  Solicitation of Clients**

\*\*\*

(b)     A lawyer may contact, or send a written communication to, the target of the solicitation for the purpose of obtaining professional employment unless:

> (1)     the lawyer knows or reasonably should know that the physical, emotional or mental state of the person is such that the person could not exercise reasonable judgment in employing a lawyer;

> (2)     the person has made known to the lawyer a desire not to receive communications from the lawyer; **[or]**

> (3)     the communication involves coercion, duress, or harassment**[.]; or**

> **(4)     the communication is a solicitation to a party who has been named as a defendant or respondent in a domestic relations action. In such cases, the lawyer shall wait until proof of service appears on the docket before communication with the named defendant or respondent.**

**Comment:**

\*\*\*

**[8]     In this instance, the term "domestic relations action" includes the actions governed by the Family Court Rules, s*ee* Pa.R.C.P. No. 1931(a), and actions pursuant to the Protection of Victims of Sexual Violence or Intimidation Act, s*ee* 42 Pa.C.S. §§62A03 *et seq.*  In such cases, a defendant/respondent party's receipt of a lawyer's solicitation prior to being served with the complaint can increase the risk of a violent confrontation between the parties. The prohibition in RPC 7.3(b)(4) against any solicitation prior to proof of service appearing on the docket is intended to reduce any such risk and allow for the plaintiff to take any appropriate steps.**